IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LEWIS W. HENSON, | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO.  4:06-CV-334 |
| | § | (Judge Schell/Judge Bush) |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for denying disability income benefits ("DIB") and supplemental security income ("SSI").  Pending before the Court is Defendant's Motion To Reverse With Remand the above-captioned case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Docket No. 17).  To date, Plaintiff has not responded.  After considering the motion, the Court finds that the motion should be GRANTED.

### History of the Case

On April 8, 2002, Plaintiff filed applications for DIB and SSI.  Plaintiff alleged that his disability began on August 20, 2002, due to status post heel spur removal; status post left knee arthroscopy; degenerative disc disease; obesity; hypertension; sleep apnea; borderline intellectual functioning, and dysthymic disorder.  After the claims were denied, Plaintiff requested and was granted a hearing before an ALJ in March 2004.  On June 24, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff requested review by the Appeals Council and in an order dated October 1, 2004, the Appeals Council vacated and remanded the case for further

proceedings. In response to the remand order, the ALJ held a hearing on February 8, 2005, but it was postponed so that a treating physician could be subpoenaed. The ALJ also held a subsequent hearing on April 15, 2005. On June 22, 2005, the ALJ issued a decision finding that Plaintiff was not disabled. Thereafter, Plaintiff filed this action seeking judicial review of a final administrative decision of the Commissioner denying DIB and SSI under Title II and Title XVI of the Social Security Act.

## Standard

In *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991), the Supreme Court made clear that only two types of remand orders are permitted under 42 U.S.C. § 405(g). The fourth sentence of § 405(g) authorizes a District Court to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for rehearing." *Id.* at 99-100, *citing* 42 U.S.C. § 405(g). The fourth sentence of § 405(g) further states that the remand order may be entered upon the pleadings and transcript of the record. *See* 42 U.S.C. § 405(g). Remand for further administrative proceedings is considered a fourth sentence remand under 42 U.S.C. § 405(g). *See Schaefer*, 509 U.S. at 296-97. *See also Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (sentence four provides the appropriate relief when the evidence on the record is insufficient to support the Commissioner's conclusions and further fact finding is necessary). The entry of a judgment that ends the instant action is required by the fourth sentence of 42 U.S.C. § 405(g). *See Schaefer*, 509 U.S. at 297.

## Analysis

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") for a wide range of unskilled sedentary work that does not require reading, writing, or mathematics. At the

hearing, the ALJ asked the vocational expert ("VE") a hypothetical question with the aforementioned RFC and the VE cited unskilled, sedentary, unskilled assembler jobs such as a semi-conductor loader, patcher, and lampshade assembler.  However, the ALJ did not ask the VE whether or not his testimony conflicted with the *Dictionary of Occupational Titles* (*DOT*).  The *DOT* describes the jobs of lamp shade assembler and patcher as requiring a math level of one, language (reading) level of one, and a writing ability to print simple sentences containing subject, verb, and object, and series of numbers, names and addresses.  *See DOT*, 739.684-094 (lamp shade assembler); 723.687-010 (patcher);  Appendix C (4th ed. 1991).  The semiconductor loader job requires a math level of one, language (reading) level of two and an ability to write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs. *See DOT*, 726.687-030 (semi-conductor loader); *DOT*, Appendix C (4th ed. 1991).

At the hearing, the medical expert testified that Plaintiff would be limited to unskilled jobs with no reading, writing, or math and that Plaintiff could perform one or two step jobs.  All of the jobs cited by the VE require a reasoning level of two, defined as applying commonsense understanding to carry out detailed, but uninvolved written or oral instructions and to deal with problems involving a few concrete variables in or from standardized situations.  *See DOT*, Appendix C (4th ed. 1991).

Further, Pursuant to Local Rule CV-7(d), " if a party fails to oppose a motion…the court will assume that the party has no opposition." Plaintiff failed to respond, therefore, the Court assumes the evidence presented is undisputed and no genuine issues of material facts exists.

Based upon the foregoing, the Court finds that the case should be reversed and  remanded.  The ALJ should secure supplemental vocational expert evidence regarding the inconsistencies

between the *DOT* and the VE's description of jobs and to consider whether Plaintiff can perform jobs requiring a reasoning level of two.

### RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REVERSED and REMAND for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 30th day of May, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE